[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #119
The plaintiff, M. Rondano, Inc., a construction contractor, brings this action to recover damages allegedly incurred while installing a sewer system pursuant to a contract with the defendant City of Stamford. The plaintiff alleges that after it commenced work on the project it was confronted with unforseen [unforeseen] site conditions which materially differed from the CT Page 2967 site conditions as set forth in the defendant's plans and specifications. The first unforseen [unforeseen] condition was that a larger quantity of rock had to be removed from the excavation sites. The second unforseen [unforeseen] condition was due to a change in the method and amount of concrete pavement that the plaintiff was required to install as part of the "trench repair" phase of the project. The plaintiff alleges that as a result of these unforseen [unforeseen] conditions it incurred additional labor and material expenses. The plaintiff further alleges that the project was substantially completed on November 30, 1991 and that the defendant has refused to pay for the extra work and materials provided by the plaintiff.
In the first count of its amended complaint (filed on June 11, 1993), the plaintiff asserts a breach of contract claim against the defendant. In the second count the plaintiff asserts a quantum meruit claim. In the third count the plaintiff alleges that the defendant breached its covenant of good faith and fair dealing.
On January 3, 1994, the defendant filed a motion for summary judgment (#119) along with a supporting memorandum of law. The defendant seeks summary judgment on the second count of the plaintiff's amended complaint on the ground that a quantum meruit claim cannot be maintained when there is an express contract which covers the matter in dispute. In support of its motion the defendant has filed the affidavit of Kevin Peterson, a project coordinator for the City of Stamford, and copies of various sections of the parties' contract. On January 26, 1994 the plaintiff filed a memorandum in opposition along with the affidavit of its president, Robert Rondano.
Summary judgment may be granted only where "the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990). A material fact is one that will make a difference in the case. Yanow v. Teal Industries, Inc., 178 Conn. 262, 268-69, 422 A.2d 311
(1979). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc.,196 Conn. 91, 111, 491 A.2d 368 (1985).
In support of its motion for summary judgment the defendant CT Page 2968 argues that the parties' contract precludes quantum meruit claims for unforseen [unforeseen] conditions, and that the contract provides unit quantities for both the excavation of rock and permanent trench repairs. In opposition to the defendant's motion the plaintiff argues that the parties' contract does not provide any mechanisms for dealing with claims for unexpected or extra work.
An "implied contract can only exist where there is no express [contract]." Collins v. Lewis, 111 Conn. 299, 304,149 A. 668 (1930).
 [Q]uantum meruit [is a form] of the equitable remedy of restitution by which a plaintiff may recover the benefit conferred on a defendant in situations where no express contract has been entered into by the parties. . . . [P]arties who have entered into controlling express contracts are bound by such contracts to the exclusion of inconsistent implied contract obligations. . . .
 In determining the scope of a contract [t]he plain, clear language of the contract must be accorded its logical effect. . . . The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used. . . . Normally, a determination of what the parties intended by contractual commitments is a question of fact . . . but [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . .
(Internal citations and quotation marks omitted; brackets in original.) Rosick v. Equipment Maintenance Service, Inc.,33 Conn. App. 25, 37-38, ___ A.2d ___ (1993).
In Rosick, the plaintiff brought quantum meruit claims to CT Page 2969 recover for additional work and materials that it provided to the defendant Id., 27. In that case the parties' contract contained a procedural mechanism for the resolution of claims for additional labor and materials which required the plaintiff to submit written "change orders" for any additional work that it performed. Id., 36. Because the contract contained a "change order" provision which expressly addressed the performance of additional work, and because the plaintiff failed to submit any "change orders," the court ruled that the plaintiff's quantum meruit claims were properly dismissed by the trial court. Id., 38-39.
In the case at bar the portions of the parties' contract submitted in support of the defendant's motion do not contain any provisions which create a procedural mechanism for the filing of claims for additional labor and materials. Since the documentary evidence before the court contains no such procedural mechanism no express contract exists with respect to the issue of claims for additional labor and materials. Therefore, the plaintiff's quantum meruit claim is not barred as a matter of law.
The defendant also argues that the portions of the contract submitted specifically bar any claims for unexpected subsurface conditions. While paragraphs 11 and 31 of the parties contract contain language which would bar such claims, the plaintiff's president, in his affidavit states that an agent of the defendant represented that the defendant would renegotiate prices if there was an "overage of twenty per cent" from the defendant's original estimated rock quantities, and that an overage of sixty-three per cent existed on this particular project. (See plaintiff's affidavit, paragraphs 4 and 7.) Thus, the plaintiff's affidavit raises a genuine issue of material fact with respect to the parties' intentions. Even if the court assumes arguendo that paragraphs 11 and 31 of the contract bar the plaintiff's claims for additional expenses incurred in removing the extra rock layers, there would still be a genuine issue of material fact with respect to whether the plaintiff could assert a quantum meruit claim for additional labor and materials used in making the concrete trench repairs as these paragraphs do not address or mention concrete trench repairs.
The defendant's motion for summary judgment is denied on the grounds that the plaintiff's affidavit raises genuine issues CT Page 2970 of material fact with respect to the parties' contract, and that based on Rosick, supra, the plaintiff's quantum meruit claim for additional labor and materials is not barred as a matter of law.
BALLEN, J.